We have one case to be submitted today on oral argument. Reyna v. International Bank of Commerce. Mr. Cradiville. Thank you, Your Honor, and may it please the Court. My name is Chris Cradiville, and with my partner Donna McElroy from Dyke-McCox Smith, we're here on behalf of the appellant, I.B.C. The task before this Court in this interlocutory appeal arising from the denial of a motion to compel arbitration was made quite simple on July 22nd when this Court issued its directly on-point and controlling opinion in Kubala v. Supreme Production Services. Now, Kubala was decided after the close of briefing in this interlocutory appeal, but we alerted the Court to its existence in a 28-J letter last week, and moreover, I suspect that you, Judge Smith, might be well aware of Kubala as you were the author of that opinion. Now, in I.B.C.'s view, Kubala is directly on-point and consistent with the rule of orderliness that this Court follows, and with the deference afforded to prior panel precedent, we believe that Kubala is binding on this panel and dictates the outcome here today. Now, why does Kubala control? First, Kubala was an FLSA case brought as a collective action by a single plaintiff. This case is identical. Second, Mr. Kubala, like Mr. Reyna here today, had entered into a broad arbitration agreement requiring the arbitration of any and all claims arising in the context of the employer-employee relationship, just so with this case. Third, and most importantly, both the arbitration clause in Kubala and the arbitration clause here contain a robust delegation clause that delegates to the arbitrator the threshold question, the gateway question in your phrase, Judge Smith, of whether of arbitrability itself, of whether the claims are subject to arbitration. So unlike the standard posture where absent a delegation clause, the question of arbitrability would be for the Court, here the question of arbitrability under that delegation clause and consistent with Kubala is for the arbitrator. So both here and in Kubala, the judgment of the arbitrator is necessary from day one of the proceeding on the gateway issue of arbitrability. Fourth, the delegation clause here and the delegation clause in Kubala are substantially identical. Moreover, as Judge Smith noted in the Kubala opinion, that delegation clause is also substantially identical to the delegation clause enforced by the United States Supreme Court in its Renta Center opinion. So I think in math we used to call that transitive property of equality. If it's applicable in a Renta Center and applicable in Kubala, that substantially identical delegation clause should be enforced here today. So just as in Kubala and in Renta Center, we have a robust, broad delegation clause that requires this matter be sent to arbitration and that Mr. Reyna's claims be dismissed in deference to that arbitration. Not abated, Your Honors, but dismissed. That's long been the practice here in the Fifth Circuit that when arbitration is properly compelled, the matter in the Federal Court is dismissed, not abated. That's the Russell Stover case and many other Fifth Circuit cases over the years that hold that. Now, in that arbitration that we believe we were improperly denied, the arbitrator not only enjoys the authority to determine the gateway or threshold issue of arbitrability, but also to interpret every aspect of IBC's open-door policy for conflict resolution that was entered into between IBC and Mr. Reyna. And I should point out that it's undisputed that this policy was signed by Mr. Reyna. There's never been a challenge to the existence of this arbitration clause. That's a matter of record. There is an arbitration clause. So I think the Court's task is very, very easy. I'd encourage the Court to take a look at just how broad the grant of authority to the arbitrator is here. And that's in appellant's record excerpts at tab 5, page 8, or in the consecutively paginated record at record page 58. And with the Court's indulgence, I'll just read this provision. First comes the delegation clause that we saw in Arendta Center and that we saw in Kubala, and it reads, The arbitrator shall have exclusive authority to determine the arbitrability of any dispute which the employee or the employer asserts is subject to the open-door policy for dispute resolution. An open-door policy for dispute resolution is this overarching four-step grievance process, the fourth step of which is binding arbitration. That's the delegation clause, but the arbitrator's authority does not stop there. The arbitrator also, and I quote, shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of the open-door policy for dispute resolution, including but not limited to any claim that all or part of the open-door policy for dispute resolution is void or voidable. So the interpretation of this policy is entirely in the hands of the arbitrator. And why is that relevant? It's relevant because of this question of whether Mr. Reina has to proceed individually or if he may proceed as a class or collective action. Well, the arbitrator gets to interpret this policy and make that decision. And as the Supreme Court taught us in AT&T Mobility v. Concepcion, class or collective action is, of course, waivable in an arbitration agreement. The question of whether that's happened here or not is for the arbitrator under this robust delegation clause. And the policy does speak to whether class or collective action is permitted. Again, I think this is properly a decision for the arbitrator when he interprets this policy, but the policy he'll be looking at, the provision he'll be looking at, is at page 3 of tab 5 of appellant's record excerpts or consecutively paginated record, page 53, where it states, Class actions shall only be allowed upon the agreement of all parties. In the event that the parties agree to permit claims under this policy as a class action, the Federal rules of civil procedure shall apply to the certification and administration of the class. It continues on from there. It makes it clear that both parties have to consent to a class or collective action. This Court doesn't have to interpret that. It merely needs to send this to the arbitrator to interpret it. Let's focus a minute on what it is specifically that you're asking us to do, and I'm just looking at the last page of your brief where you've given the alternative what it is that you're asking for. Isn't it true that we actually have jurisdiction only as it relates to the denial of the motion to compel arbitration? I mean, you ask in the alternative that the action be dismissed, but I'm not sure that we have jurisdiction over anything other than simply either rendering an order on the motion to compel or remanding with a specific direction to the district court to grant the motion to compel. Could you go into that? Absolutely, Judge Smith. As a threshold matter, I agree with you. We're here by virtue of the FAA's grant of interlocutory jurisdiction to this case, which is the denial of a motion to compel arbitration. So the first and most essential relief we would ask for is an order compelling arbitration. But as I noted, hand-in-hand with that goes the dismissal of the Federal court action, because in this circuit, we don't abate for arbitration. There's a dismissal. So I would argue that that relief is one and the same. If arbitration is compelled, the dismissal flows from that, necessarily flows from that. And again, I'd take a look at the Russell Stover case cited in our brief and a host of other Fifth Circuit cases. Let me ask a question, though. This is a question that's not rhetorical. I can't remember. Have we got a whole bunch of hangers-on at this point in this case? I mean, have we got – did the judge here send out notice, collective notice? What's happened to that? There's only one named plaintiff. That's Mr. Rana. I know that. He's subject to the arbitration clause. The trial court conditionally certified this collective action, but to date, it's still just Mr. Rana. So there's been a conditional certification. But we would argue that was an ultraviarious act because it followed the denial of our motion to compel arbitration. And if the arbitration was granted, the district court – it should have been hands off at that point. Dismissal should have flowed from that. So when the district court entertained the conditional certification, we'd argue it was acting in an ultraviarious manner. And no notice has been sent as of yet, although there has been a conditional certification. Notice has not formally gone out to the putative class yet. So what you want us to do, you want us to dismiss the case here? I mean, you want us not to – you want the district court to be ordered to dismiss or what? Well, I think if you order her to compel arbitration, the dismissal necessarily flows from that. But in the ideal, we would like both an order compelling arbitration and an order of dismissal. But as I noted, I think those go hand in hand. And I think in terms of the – I urge the Court to take a look at the Genesis Healthcare case out of the U.S. Supreme Court 2013, which I think dictates that the collective or class allegations do not save this action if Mr. Reyna, the only individual plaintiff in the docket, is subject to a motion to compel arbitration. If his claims are dismissed individually to go to arbitration, Genesis Healthcare teaches us that the collective doesn't survive either, just on a basic standing ground. And Judge Rosenthal in the Southern District just last March issued a case cited in our reply brief. It was after our opening brief was filed, called White, in which she applies Genesis Healthcare to an FLSA collective action in just the way I've suggested this Court should do so. I think it's – The conditional certification was granted back in February or sometime early this year. How is it that – but you said notice hasn't been sent out and people haven't opted in. It usually happens. And I know you've been asking for a stay because of – Yeah. Judge Costa, you're correct. We did ask for a stay and the Court carried with it the motion to stay. The record as we have it I think is silent on why the notice has not gone out. And I – frankly, I can share with the Court it hasn't gone out, but I don't know why that is and I don't have a record cite for you on that. But I think, Your Honors, there's some very powerful language in Kubala that notes that, quote, if there is a delegation clause, the motion to compel arbitration should be granted in almost all cases. There's no reason not to enforce the delegation clause here. This is one of those almost all cases. Opposing counsel, to the best of my knowledge, has not responded to our 28J letter, so I'll be very curious to see how Mr. Raina intends to distinguish what we believe is a directly on-point decision in an FLSA collective action case that is one month old. If people do opt in, you're saying under Genesis, in Judge Rosenthal's opinion, they have to be dismissed. I mean, I guess the reality is then they can file a separate lawsuit. Absolutely, Judge Costa. It's possible. Then you tee up arbitration again and then – but – Exactly. The record evidence, such as it is, is that, A, it's undisputed Mr. Raina signed this agreement to arbitrate, and, B, every IBC employee signs an identical agreement. So to the extent that there are other named plaintiffs, I suspect they will go to as well. But I should point out we're a year in. This case was filed in the trial court last August. We're over a year in. And it's still just Mr. Raina as a named plaintiff. No other named plaintiffs have come forward. And his claims are very much governed by an arbitration agreement with a robust delegation clause. Your Honors, unless the Court has any further questions, I've saved some time for rebuttal. If you save time for rebuttal, Mr. Craddo. Mr. Grounds? Thank you, Your Honors. Counsel, my name is David Grounds. I am here on behalf of Carlos Raina. To go immediately to a question, the reason why notice has not gone out yet is there's some dispute as to which defendant is actually involved in this lawsuit, and we have to conduct discovery to do that. To date, we have not been able to secure that date to bring it back to the judge. They can certainly make their own representations as to what's going on in the court, but that notice of deposition did go out, which could impact the stay motion. We just have not been able to secure a date yet to determine whether or not it's one or three different entities that the notice is supposed to go out to. And that is what the trial court is waiting for in order to send notice out. To attack the second part, or the more hitting issue of this case, is the judge allowed to wait until the second stage of the notice certification process. And that is what she did here. You ask, where does this go from here? I see it as kind of two different ways. Either you affirm her deferral and say the court has discretion, which admittedly I have not found a case in the Fifth Circuit that has agreed with that yet, or anywhere else that has. I mean, there's other ones we've presented in our briefs, but Fifth Circuit has not answered that question yet. Or it needs to be remanded so you can have a more complete record as to whether or not the entire agreement is legal or illegal. That's the threshold question that hasn't been answered yet. Because as the judge stated, what I'm saying is I think this case is governed, whether the case is governed by the arbitration agreement, is not for now. It's a merit-based decision, as argued by the plaintiffs, which should not be made at this time. So I'm denying the motion to tell you whether it's a motion to dismiss, convert a motion to summary judgment. I'm denying the motion to compel arbitration. That doesn't mean that as we go forward you may not go to arbitration later. I paraphrased the last bit. But why isn't that one of the threshold issues to be decided by an arbitrator, because of the sweeping nature of the agreement? Because if the contract itself is illegal, then there's no arbitrator to go to. And that's the threshold question that Your Honor actually wrote on page 4 of your Cabala decision. But the only question after finding there is, in fact, a valid agreement, which that record has not been developed yet and that record, unfortunately, is not in front of this panel, is whether the purported delegation clause, in fact, a delegation is, in fact, a delegation clause. That is, if it convinces an intent to have the arbitrator decide whether a given claim must be arbitrated. That first step, that record isn't here before you. So if you reverse, it's to remand so that the trial court has the time to develop that record, which unfortunately may mean we're both back here again sometime later, but that's sometimes how law works. What do you mean by a record? I mean, it's an interpretation of an arbitration agreement that we all have. But the judge herself never actually answered the question whether or not it's legal or illegal, has never developed a factual record behind it, has never taken an oral argument on that issue. She deferred to the second stage of the notice. And that's what this case is about, an employee's fundamental right to learn that there may be a legal activity that happened at a place where they worked. Now, 70 years ago, in the Boulevard Bank case, the Supreme Court said we can't let employers contract out of that because there's an unbalanced power of position for a person who needs that job, and these are low-level jobs, you're not talking about high-paid executives, versus the company that's going to pay them to work. That creates an unbalanced position. That's why you can't contract around the FLSA. They have to have an FLSA notice in the workplace by law. They have notice of your right. That is correct. But what the FLSA statute provides is actually notice of an action. When the notice goes out by the trial court, it doesn't say there's been a violation. It doesn't say there's not going to be a violation. It says, hey, worker, we have an allegation that says this company violated the law by not paying you properly. You have a right to join it, or you have a right to start your own action, or you have a right to do nothing. And that's what's going to deprive all the other workers that haven't been notified about this case yet. A lot of the district court cases you cite that you say support your position, take the Ali case that Judge Ellison decided, just as an example. That's a case where one person files a lawsuit, and that plaintiff in Ali did not have an arbitration agreement. The plaintiff moved for conditional certification, and the defendant comes in and says, oh, but some of these people you want to join in have arbitration agreements, so people aren't similarly situated. And Judge Ellison says, well, let's wait and see who joins in and whether those people have arbitration clauses. But it wasn't a case where the plaintiff himself had an arbitration agreement. So how does that help you in this situation where I think it's undisputed the plaintiff signed an arbitration agreement? Well, we haven't taken any discovery to find out the terms of how it was signed and things of that nature. Again, that record's not before you. To answer your question, your analysis is correct in Ali. But what that does provide is the mechanism for a judge to defer and see what comes in. We have a representation that, hey, everybody else signed this too. We don't know. We don't know that. We won't know that until notice goes out, until people decide to opt in or not opt in, and then whether or not there's going to be arbitrations for all of them or only some of them. Again, that record's not here. It's certainly been argued, but the actual factual discovery has not occurred yet. And frankly, in this case, there's no discovery yet. The 26-F report hasn't even been filed. The only thing that we've been ordered to do is get one deposition to see who the actual defendant should be. So the reason why I have that one is it just shows the ability of a judge to use their deference when they don't have complete information, when they look at the second stage where that comes up and say, we'll decide all that later. We've got this in. And the cases actually cited by the other side as to why we should just go to arbitration include collective bargaining agreements. It also includes situations where the conditional certification motion wasn't on file. And so that's what we're dealing with here. Is the judge, any judge in your district, allowed to send out notice and then decide the legality of the underlying arbitration? Well, what happens if we say, just go to arbitration now? There's an arbitration agreement. No question this guy signed it. It's a man, I think, that he signed it. Go to arbitration and everything else follows. I mean, or not, that the arbitrator decides that. Well, I can't tell you for sure what the trial court would do. What I think that instruction would be clear enough is that that would wind up in the dismissal of our case and sent to arbitration if that's the relief that you grant. Yeah. And what's, I mean, if he signed an arbitration agreement, why is that not what ought to happen? Well, because in this case, we have another interesting little tidbit. And that's the Lopez versus International Bank case. Where an arbitrator, which is what they would like the arbitrator to do, look at our clauses, tell us what it applies to, and you'll find it cited in the brief, and I also have the citation for you if you want it immediately. The arbitrator looked at it and said, your agreement does not affect collective actions, only class actions. And those words are important because there's a meaningful distinction between the two. Because collective actions, while akin to a Rule 23 class action, is really just the mechanism by which the court can effectuate the remedial purposes of the FLSA to send out notice. And that's the stage we're at. If you want to declare whether or not their motion was properly heard or things of that nature, I think you have to remand it because, again, the record isn't before you in terms of that tidbit of information other than our briefing and how that applies. By the way, International Bank, for the rest of the story, appealed that decision to the district court. And the district court in Southern District, the judge interpreted and said, no, that's perfectly valid reading of your arbitration. It doesn't apply to collective action. Which, again, takes us out of the whole realm of what we're dealing here and, ironically, may even square the split that's come up with the Lewis case and the D.R. Horton case that you were all involved with. Because that still allows a collective action. If that arbitrator's ruling, which they say must be held, you know, as valid, they've got to decide it. If that ruling stands because the district court looked at it and the arbitrator said it doesn't apply to collective actions, then we're out of a different ballgame. We're in a different case. And that's why we can't get to dismissal because we have to have the argument first before the trial court. And then that record gets developed. Along with the whole illegality of if they're right and collective actions are out of it, does that make the arbitration itself illegal, which two circuits now, other than this one, have found? And that decision could be back in front of you as a result. But either way, that record has to get developed so that this court has it in front of it, so that this court can decide whether or not it's correct. Right now, we are simply dealing with notice, and we're simply trying to get it out. And it sounds horrible. It's been a year. Nobody's heard about it. Nobody's filed anything. Well, it's because notice hasn't gone out. That's the whole reason why the FLSA requires notice. And it's because the statute of limitation is ticking every day. One more day gone, the opt-in hasn't opted in, they've lost one day's worth of wages. Now, there might be some remedial action we can take at the trial court, but that's not before us here today. What we don't have is the answer from this court is the timing issue. Can a judge send out notice and to try arbitrations later or decide the issue of arbitration, the legality of the arbitration agreement later? And that's the question that we don't have answered from this panel yet. So my recommendation is you look at that issue, you look at our briefing on it, pay attention to the Lopez case, which is in our briefs, which found that it doesn't apply to collective actions and decide if the trial court judge was within her authority to use her ability to delay that decision until after notice went out and people came back in. If there are no further questions, I'm done with my argument. All right. Thank you, Mr. Grounds. Mr. Conover, you saved time for rebuttal. Thank you for your time. Thank you, Judge Smith. Just briefly by way of rebuttal, first of all, I didn't hear much of a distinction of Kubala there, and I would again suggest that there is a one-month-old directly on point controlling prior panel precedent that must be deferred to. Second, the very first motion filed by IBC, the very first motion filed by any party in this matter, just weeks after IBC was served, was the motion to compel arbitration. To the extent that opposing counsel wanted to challenge the validity of this arbitration provision, his response was the opportunity for him to do that, to make an argument that it's invalid, to make an argument that it's against public policy, et cetera. Those arguments were not made. The existence and validity of this clause was not questioned in the trial court. He wants a remand to further develop evidence on that. He had his chance in his response to our motion to compel arbitration, and those arguments were not made. Moreover, even if they had been made, I think this panel is well aware that attacking arbitration clauses on public policy grounds is not a productive route. In the FLSA context, this court in Carter v. Countrywide Mortgage, back in 2004, ruled that arbitration is valid in the FLSA context. And again, AT&T v. Concepcion rules that via arbitration you can waive class action. Just so here. So even if he had made those attacks on the validity of this arbitration clause, which he did not, those attacks, I think, would manifestly have failed. What about his argument that this just mentions class actions, and there is a well-recognized distinction with collective action? Judge Costa, that's fundamentally a decision for the arbitrator, given the broad delegation clause here that empowers this arbitrator to look at the whole of the agreement, including that class action provision that I read to the panel during my opening argument, and to say whether class is limited to, you know, Rule 23-F or whether it's just meant to distinguish from individual arbitration. So I think that is a lively issue that will be decided in arbitration by the arbitrator because the parties have bargained for the arbitrator's judgment on that question. And I think opposing counsel actually tacitly concedes that by directing the court to the Lopez v. IBC case that Judge Kazin decided. In that case, that issue was sent to an arbitrator, and that issue was arbitrated in an arbitration proceeding. The arbitrator found the way opposing counsel would like him to, and Judge Kazin said, yeah, that's the arbitrator's call to make. The arbitrator said the person can bring a collective action? That's correct. How do you do that in arbitration, just the arbitration panel sends out notice like a court would? Yes, Your Honor. Class arbitration or collective arbitration is very much possible where the parties agree to it. We would take the position we haven't agreed to it, just like AT&T in the Concepcion case. But, you know, the American Express v. Italian Colors Restaurant Supreme Court case, again, collective arbitration can be agreed to. We just haven't agreed to it here. But in all events, that's not a decision for this Court. That's not a decision for the district court. That's fundamentally a decision for the arbitrator, and we'd like Arday in front of the arbitrator to make that argument. And perhaps, as the Lopez case shows, we might not win. But I think Judge Kazin got it right in the sense that he respected the delegation clause, respected that the arbitrator was empowered to interpret that agreement. Just so here, we'd like Arday in arbitration, not in front of the district court. And again, to the extent there are any public policy concerns here, I would encourage the Court to take a look at its holding in Carter v. Countrywide. I think that, again, is prior panel precedent that controls and assuages those public policy concerns. And I'll end where I began, Your Honors, which is sometimes timing is everything in life, and it's nice to have a one-month-old, directly on-point precedent. And I believe IBC has that in the form of Judge Smith's opinion in Kubala. Thank you, Your Honors. All right. Thank you, Mr. Credible. Your case is under submission.